UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BROWN and : **CIVIL NO: 1:12-CV-0446**
ARTHUR JOHNSON, :
 : (Judge Kosik)
 Plaintiffs :
 : (Magistrate Judge Carlson)
 v. :
 :
KEVIN SMITH and :
C.O. C.R. TREECE, :
 :
 Defendants :


**REPORT AND RECOMMENDATION**

**I. Introduction.**

Richard Brown and Arthur Johnson, cellmates at the State Correctional Institution at Smithfield and now coplaintiffs in this case, contend that the defendants violated their due process rights and their right of access to the courts by confiscating property, including legal materials, from their cell. Because the plaintiffs had an adequate postdeprivation remedy available to them and because they have not alleged facts from which it can plausibly be inferred that they suffered an actual injury to their right of access to the courts, the amended complaint fails to state either a due process claim or an access-to-the-courts claim upon which

relief can be granted. Accordingly, we recommend that the defendants' motion to dismiss the amended complaint be granted. We recommend that leave to amend be denied as futile as to the due process claim but that Brown and Johnson be granted leave to amend as to the access-to-the-courts claim.

**II. Background and Procedural History.**

Brown and Johnson began this action by filing a complaint, which they later amended, naming as defendants Kevin Smith and C.R. Treece, corrections officers at SCI-Smithfield. In their amended complaint, Brown and Johnson allege that they are both serving life sentences and are both actively seeking relief from the courts regarding their sentences. They allege that, in September of 2011, the defendants conducted a random cell search, during which they confiscated both personal items and legal paperwork and broke Brown's fan. According to Brown and Johnson, the defendants failed to properly fill out the documentation concerning the confiscation of their property and failed to hold their property until they were able to present proof of ownership. Brown and Johnson claim that their

2

property was confiscated and destroyed without due process. They also claim that the confiscation of their legal materials has hindered their efforts to fully present sound legal arguments to the courts. However, notably lacking from the amended complaint is any factual discussion or description regarding this litigation, and how the confiscation of these articles has effected the litigation. Thus, as to this claim, the amended complaint contains nothing more than the formulaic recital of the elements of a cause of action unadorned by any facts. Further, with respect to their due process claim, Brown and Johnson acknowledge that there is a grievance procedure at the prison, allege that they filed grievances about their property, and state that they completed the grievance process to the greatest extent possible. Having received this administrative due process, they now nonetheless seek in this case declaratory relief as well as compensatory and punitive damages.

The defendants have filed a motion to dismiss the amended complaint, which argues that the availability of a post-deprivation remedy defeats any due process claim, and further contends that the plaintiffs' access-to-the-courts

3

claim has been inadequately pleaded. This motion has been fully briefed by the parties and is ripe for resolution.

For the reasons set forth below, it is recommended that the motion to dismiss be granted.

**III. Discussion.**

**A. Motion to Dismiss—Standard of Review**.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted brought pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 556 U.S. at 678 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

6

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

### B. The Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

At the outset, to the extent that the amended complaint alleges a due process violation relating to confiscation of property, the amended complaint fails to state a due process claim upon which relief can be granted.[1] Inmate due process claims arising out of the confiscation of property are judged against settled legal standards. "'[A]n unauthorized intentional deprivation of property" by prison officials does not violate the Due Process Clause 'if a meaningful

---

1. In addition to arguing that the amended complaint fails to state a due process claim and access-to-the-courts claim, the defendants contend that the amended complaint fails to state a Fourth Amendment claim upon which relief can be granted. Brown and Johnson respond that they have not presented a search claim, and so we will not address the Fourth Amendment at length. But we note that any Fourth Amendment claim would fail because the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell. *Hudson v. Palmer,* 468 U.S. 517, 526 (1984)("The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.").

7

postdeprivation remedy for the loss is available.'" *Monroe v. Beard,* 536 F.3d 198, 210 (3d Cir. 2008)(quoting *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). "Pre-deprivation notice is not constitutionally required." *Id.*

Here, Brown and Johnson acknowledge in the amended complaint the availability of a grievance process at the prison which they assert they fully utilized. While it is evident that they have brought this action because they were not satisfied with the outcome of that due process, the fact remains that the Pennsylvania Department of Corrections grievance procedure provided the plaintiffs an adequate postdeprivation remedy. *See Lyons v. Sec'y of Dep't of Corr.*, 445 F. App'x 461, 463 (3d Cir. 2011). Furthermore, it is clear that mere dissatisfaction with the outcome received through due process does not equate to a denial of due process. Because the facts alleged by the plaintiffs in the amended complaint affirmatively reveal that Brown and Johnson had an adequate postdeprivation remedy available to them through the grievance system, the amended complaint fails to state a due process claim upon which relief can be granted.

As pleaded by the plaintiffs, the amended complaint also fails to state an access-to-the-courts claim upon which relief can be granted. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe, supra,* 536 F.3d at 205. "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414-415 (2002). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must allege an actual injury by identifying a nonfrivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.* The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.* Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. In the prison setting, actual injury is the loss of a nonfrivolous claim that relates to a challenge, direct or collateral, to an inmate's

9

conviction or relates to a challenge to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996).

In its present form the amended complaint simply does not set forth well pleaded facts which meet the legal requisites for an access-to-courts claim. Brown and Johnson simply allege in a cursory and formulaic fashion that they are serving life sentences, that they are both actively seeking relief from the courts regarding their sentences, and that the confiscation of their legal materials has hindered their efforts to fully present sound legal arguments to the courts. However, Brown and Johnson have alleged nothing more than vague legal conclusions about the impact that the confiscation of their property had on their right of access to the courts. They have not alleged anything about their challenges to their convictions or sentences. In particular, they have not alleged facts from which it can reasonably be inferred that they have nonfrivolous challenges to their convictions or sentences. Nor have they alleged any facts from which it can reasonably be inferred that the confiscation of their property resulted in the loss of a nonfrivolous challenge to their convictions or sentences, or prejudice to them in the litigation of these

10

other cases. Indeed, Brown and Johnson have not even identified these other cases. Accordingly, they have not sufficiently alleged an actual injury to their right of access to the courts in some other litigation. Therefore, the amended complaint fails to state a claim of a denial of access to the courts upon which relief can be granted.

### C. **Leave to Amend Should Be Denied as to the Due Process Claim but Granted as to the Access-to-the-Courts Claim.**

While we find that the amended complaint is flawed in several respects, we also recognize that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*

Because the prison grievance process provided Brown and Johnson with an adequate postdeprivation remedy, leave to amend as to the due process claim would be futile. But we cannot say that amendment would be inequitable or futile as to the access-

11

to-the-courts claim.  With sufficient factual allegations about their underlying challenges to their convictions and sentences and about the effect that the confiscation of their property had on such claims, Brown and Johnson may be able to state an access claim upon which relief can be granted.  Thus, we will recommend that the plaintiffs be granted leave to file a second amended complaint to attempt to state an access-to-the-courts claim upon which relief can be granted.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, it is recommended that the defendants' motion (doc. 24) to dismiss the amended complaint be granted.  It is further recommended that Brown and Johnson be granted leave to filed a second amended complaint to attempt to state access-to-the-courts claims upon which relief can be granted.

The Parties are further placed on notice that pursuant to Local Rule 72.3:
> Any party may object to a magistrate judge's proposed findings, recommendations or report

addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of September, 2012.

S/*Martin C. Carlson*  
Martin C. Carlson  
Magistrate Judge