UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD BROWN. | : | CIVIL NO. 3:12-CV-446 |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Schwab) |
| KEVIN SMITH, ET AL. | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

I. **Introduction.**

Plaintiff Richard Brown ("Brown"), a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) incarcerated at the State Correction Institution at Smithfield, brings this action pursuant to 42 U.S.C. § 1983. Brown alleges his right of access to courts was violated when Defendants confiscated, and subsequently destroyed, certain legal documents during the search of his prison cell.

Currently before the Court is Defendants' motion to dismiss Brown's second amended complaint for failure to exhaust administrative remedies or, in the alternative, for failure to state a claim of denial of access to courts upon which relief can be granted. *Doc. 30*. For the reasons set forth below, it is recommended that Defendants' motion to dismiss be denied with respect to the exhaustion

argument, and granted with respect to the argument that Brown's second amended complaint fails to state a claim upon which relief can be granted.

## II. **Background and Procedural History.**

On September 6, 2012, the prison cell shared by Brown and Arthur Johnson was searched by Defendants Smith and Treece. *Doc. 29, ¶ 9*. Brown alleges that, during the course of the search, Defendants Smith and Treece confiscated, and subsequently destroyed, trial transcripts and affidavits necessary to his petition for post-conviction relief. *Doc. 29, ¶ 25.*

Brown began this action by filing a complaint, which he later amended two times. In his initial complaint, brought by both Brown and his cellmate Arthur Johnson, Brown alleged general violations of due process rights under the Fourteenth Amendment. *See generally Doc. 1*. Brown amended his initial complaint to include a claim of denial of access to courts in addition to his due process claims. The Court dismissed his first amended complaint, but granted Brown leave to amend his access-to-courts claim.[1] *See Doc. 28*. Thus, the applicable complaint now before the court is Brown's second amended complaint.[2] *Doc. 29*.

---

[1] The due process claims alleged in Brown's first amended complaint were dismissed with prejudice on the basis that there was an adequate post-deprivation remedy available through the grievance system. Doc. 28.

[2] Brown's second amended complaint does not include Arthur Johnson as a plaintiff.

2

In his second amended complaint, Brown alleges that Defendants Smith and Treece confiscated, and subsequently destroyed, certain legal documents, related to his underlying conviction, during a random search of his prison cell. *Doc. 29, ¶ 15, 18*. Brown avers that at the time the search took place he was pursuing the appeal of his sentence under the Post-Conviction Relief Act (PCRA). Brown alleges that his efforts to present sound arguments to the court were hindered as a result of the destruction of these documents. *Doc. 29 ¶ 27*.

The Defendants move to dismiss Brown's second amended complaint. This matter has been fully briefed and is now ripe for review.

### III. Motions to Dismiss and Pleading Standards.

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D.Pa. 2012). With respect to the benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a

4

complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

5

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

6

## IV. Discussion.

In order to state a viable claim under 42 U.S.C. § 1983 a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California,* 444 U.S. 277, 285 (1980). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207–08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id.*

In their motion to dismiss, Defendants argue that in his second amended complaint, Brown has failed to: (A) exhaust administrative remedies; and, (B) state an access-to-courts claim against any Defendant upon which relief can be granted.

## A. Failure to Exhaust Administrative Remedies.

In their motion, the Defendants argue that Brown's second amended complaint should be dismissed because it does not allege that he has exhausted his administrative remedies. *Doc. 31 at 8*. Defendants contend that Brown's assertion that he has exhausted the grievance process "to the greatest extent possible" is a tacit admission of non-exhaustion. *Id.* In his brief in opposition, Brown responds that his assertion that he has exhausted the grievance process to "the greatest extent possible" means that he has exhausted all administrative remedies available. *Doc. 32 at 3*.

42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In accordance with § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner,* 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno,* 204 F.3d 65,

75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

In their motion to dismiss, the Defendants allege that Brown's failure to plead the exhaustion of all administrative remedies in his second amended complaint is grounds for the dismissal of this action. *Doc. 31 at 6*. We disagree. In *Mitchell v. Horn*, the United States Court of Appeals for the Third Circuit stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003); *see also Ray v. Kertes,* 285 F.3d 287 (3d Cir. 2002) (finding that a prisoner is not required to allege exhaustion of administrative remedies in his complaint). In a subsequent decision, the United States Supreme Court similarly held that because an inmate's failure to exhaust administrative remedies is an affirmative defense, the inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *see also, Ortiz v. Prison Board Members*, No. 3:08-CV-2126, 2010 WL 5355479 *3 (M.D.Pa. December 21, 2010). Therefore, Brown's failure to plead exhaustion of administrative remedies does not warrant the dismissal of his second amended complaint.

Next we turn to Defendants' second argument, that Brown's assertion in his complaint that he exhausted the grievance process to the "greatest extent possible" is a tacit admission of non-exhaustion. *Doc. 31 at 8*. In order to meet their

burden to "plead and prove" Brown's failure to exhaust administrative remedies, the Defendants must: (1) establish that the DOC provided its inmates with a grievance procedure; and (2) prove that Brown failed to complete this procedure before filing suit in federal court. *See Ortiz v. Prison Board Members*, No. 3:08-CV-2126, 2010 WL 5355479 *3 (M.D.Pa. Dec. 21. 2010) (Rambo, J.). The only proof offered in support of Defendants' arguments is Brown's assertion that there is a grievance procedure, which he exhausted to the greatest extent possible. Construed in the light most favorable to Brown, this statement should be viewed as an assertion that he has exhausted administrative remedies, and that Defendants have not established their burden of establishing non-exhaustion. Accordingly, we recommend that Defendants' motion to dismiss Brown's access-to-courts claim for the failure to exhaust administrative remedies be denied.

### B. Failure to State a Claim for Violation of Brown's Right of Access to the Court.

Next, we turn to the Defendants' contention that the complaint fails to state a claim of denial of access to the courts upon which relief can be granted. Defendants argue that Brown fails to plead any facts in support of his claim that as a result of the confiscation of his legal documents, he was hindered in the pursuit of a non-frivolous lawsuit. *Doc. 31 at 9*. Additionally, Defendants allege that Brown fails to plead any actual injury he suffered as a result of the alleged denial of access. *Id.* In his brief in opposition, Brown simply recites, without further

exposition, the allegation that the confiscation of his papers hindered his appeal generally and deprived him of access to the courts. *Doc. 32 at 4*.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008). "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury,* 536 U.S. 403, 414–415 (2002). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must allege an actual injury by identifying a non-frivolous, arguable underlying claim blocked or lost by the alleged denial of access to the court. *Id.* The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.* Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. In the prison setting, actual injury is the loss of a non-frivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Lewis v. Casey,* 518 U.S. 343, 351–54 (1996).

In its present form, Brown's second amended complaint does not set forth well-pleaded facts which meet the legal requisites for an access-to-courts claim. Brown alleges that he is currently serving a life sentence, and sought relief though the courts by filing an appeal under the PCRA claiming ineffective assistance of counsel. Though Brown identifies the type of claim he alleges was hindered, he does not describe the non-frivolous nature of his claim by asserting specific arguable issues that would have been established by the confiscated documents. Furthermore, Brown does not allege any specific facts describing an actual injury suffered as a result of Defendants' actions beyond the vague assertion that he was hindered in his ability to present a defense. In fact, Brown's complaint lacks any information regarding the final result of his appeal. For these reasons, the Court recommends that Brown's access-to-courts claim be dismissed for failure to state a claim upon which relief can be granted.

V.     **Leave to Amend Second Amended Complaint.**

We recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *See Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).

Brown's latest *pro se* complaint does not comply with the federal pleading rules, which require that his pleading contain a short and plain statement of his claim showing that he is entitled to relief. Fed.R.Civ. P. 8(a)(2). Moreover, in this case, the Court has previously provided Brown with several opportunities to amend his complaint, but to no avail. His second amended complaint still fails to state a viable access-to-courts claim, and actually repeats assertions that were previously found to be legally insufficient. Since Brown has been afforded ample opportunity to correct the deficiencies identified in his prior complaint, and has failed to state a viable claim, granting further leave to amend would be futile, and result in undue delay. *Alston,* 363 F.3d at 235. Therefore, it is recommended that this complaint be dismissed without further leave to amend.

## VI. <u>Recommendation</u>

Accordingly, for the foregoing reasons, it is recommended that plaintiff's second amended complaint be **DISMISSED** with prejudice, as granting further leave to amend would be futile.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to

which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of June, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge