UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BROWN,
    Plaintiff,

v.

KEVIN SMITH, et al.,
    Defendants.

CIVIL ACTION NO. 3:12-CV-446

(Judge Kosik)

FILED
SCRANTON

AUG 2 8 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are plaintiff's objections to the Report and Recommendation of the Magistrate Judge. For the reasons which follow, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiffs, Richard Brown and Arthur Johnson, inmates and cellmates at SCI-Smithfield, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on March 12, 2012. Plaintiffs' requests to proceed in forma pauperis were granted on April 26, 2012 (Doc. 15). The basis of plaintiffs' action was that the defendants violated their due process rights and their right of access to the courts, by confiscating property from their cell.

On September 25, 2012, Magistrate Judge Martin C. Carlson[1] filed a Report and Recommendation (Doc. 27), wherein he recommended that plaintiff's claims for due process be dismissed in that plaintiffs had an adequate post-deprivation remedy available to them through the grievance system; the denial of access to the courts claim be dismissed for failure to plead an actual injury; and that plaintiffs be allowed to file a second amended complaint as to the denial of access to the court claim. No

---

[1] On December 3, 2012, this action was transferred to Magistrate Judge Susan E. Schwab.

objections were filed to the Report and Recommendation and on October 24, 2012, we adopted the Report and Recommendation (Doc. 28).

On November 9, 2012, plaintiff, Richard Brown, filed a Second Amended Complaint (Doc. 29).[2] A motion to dismiss the second amended complaint and supporting and opposition briefs were filed by the parties (Docs. 30, 31, 32).[3]

On June 28, 2013, Magistrate Judge Susan E. Schwab filed a Report and Recommendation, recommending that plaintiff, Richard Brown's, second amended complaint be dismissed (Doc. 30). On July 15, 2013, plaintiff filed objections to the Report and Recommendation (Doc. 41).

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v.

---

[2] We note that the Second Amended Complaint was filed only on behalf of plaintiff, Richard Brown. In our Memorandum and Order of October 24, 2012 (Doc. 28), plaintiffs were allowed fourteen (14) days from the date of the Order in which to file a second amended complaint on the denial of access to the court claim. Plaintiffs were advised that failure to file a timely second amended complaint would result in dismissal of the action. Because the second amended complaint (Doc. 29) was filed only on behalf of plaintiff, Richard Brown, plaintiff, Arthur Johnson, will be dismissed from this action. We further note that on December 28, 2012, mail sent to plaintiff, Arthur Johnson, was returned to this court as undeliverable (Doc. 33). Plaintiff, Arthur Johnson, has failed to apprise the court of his current address and will therefore be deemed to have abandoned this action. See Standing Practice Order in Pro Se Cases (Doc. 4).

[3] On May 14, 2013, plaintiff filed Interrogatories and Request for Production of Documents and Request for Admissions (Docs. 36, 37).

Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his objections, plaintiff argues that his right of access to the courts was violated when defendants confiscated and destroyed certain legal documents and affidavits during a search of his prison cell. Plaintiff states that transcripts of his trial were confiscated, along with important affidavits, which outlined what transpired on the opening day of trial, because the opening day of trial was not transcribed. Plaintiff asserts that the taking of his legal papers infringed his right of access to the courts and constituted an "actual injury". Plaintiff asserts that he was filing a PCRA petition and "the transcripts and affidavits were a must for his preparing an argument to the court." Plaintiff further asserts that he "was in the process of preparing a challenge to his conviction via PCRA petition on the grounds of ineffective assistance of counsel when his legal papers were confiscated by defendants." Further, he argues that the prison officials have offered no evidence of any legitimate reason to have searched his legal papers.

In the Report and Recommendation, the Magistrate Judge addresses both arguments raised by the defendants' in their motion to dismiss (1) failure to exhaust and (2) failure to state a claim. As to exhaustion, the Magistrate Judge finds that plaintiff's statement that he exhausted his administrative remedies to the greatest extent possible, in conjunction with defendants' failure to establish their burden of non-exhaustion, warrants a finding that defendants' motion to dismiss plaintiff's access-to-courts claim for failure to exhaust administrative remedies should be denied. As to defendants' second contention that plaintiff's second amended complaint fails to state a claim of denial of access to the courts, the Magistrate Judge recommended that plaintiff's access-to-courts claim be dismissed for failure to state a claim upon which relief can be granted. Specifically, the Magistrate Judge found that plaintiff does not describe the non-frivolous nature of his claim by asserting specific

arguable issue that would have been established by the confiscated documents. Moreover, plaintiff did not allege any specific facts describing an actual injury suffered as a result of defendants' actions. The Magistrate Judge also found that allowing Plaintiff another opportunity to amend would be futile and would result in undue delay.

As the Magistrate Judge references, where a prisoner asserts that a defendant's actions have inhibited his opportunity to present a past legal claim, the prisoner must show that he suffered an actual injury, i.e., that he lost a chance to pursue a nonfrivolous or arguable underlying claim. Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) citing Christopher v. Harbury, 536 U.S. 403 (2002). However, case law has held that the confiscation or destruction of a prisoner's legal papers may violate a prisoner's right of access to the courts. Heller v. Keenhold, 2006 WL 759647 (M.D.Pa. March 24, 2006) *3, and cases cited therein.[4] In Zilich v. Lucht, 981 F. 2d 694 (3d Cir. 1992), one of plaintiff's claims was that the retention of his materials and documents by prison officials interfered with his right to present a defense in a pending criminal matter. In Zilich, the Court of Appeals noted that the plaintiff alleged that he had been deprived of evidence that might have been used by his counsel in presenting a defense and that his counsel might not have had access to this information. The Court of Appeals reversed the granting of the motion to dismiss and allowed the action to proceed, noting that plaintiff still had before him the formidable task of avoiding summary judgment by producing evidence in support of his claim.

In the second amended complaint, plaintiff alleges that transcripts of his trial and important affidavits were confiscated; that these items were pertinent to the filing of a PCRA petition; that he received a letter from his counsel asking for issues and

---

[4] We note that Heller was decided at the summary judgment stage.

other things to help with his PCRA Memorandum of Law, but he was unable to assist counsel because his pertinent legal documents were confiscated.[5]

We agree with the Magistrate Judge's findings as to the exhaustion of administrative remedies; however, we will decline to adopt the recommendation as to the failure to state a claim for violation of plaintiff's right of access to the courts. While Plaintiff's second amended complaint may be insufficient to state a claim as pled, we believe that plaintiff should be afforded another opportunity to amend his complaint. As we indicated earlier, confiscation of a prisoner's legal papers may result in a violation of a prisoner's right of access to the courts. Plaintiff's references to his inability to file a PCRA petition, as well as his reference to his inability to assist counsel in preparing the PCRA petition, because of the confiscation of his documents, may state a denial of access to court claim. Because plaintiff is acting pro se, we must liberally construe his complaint. We do not believe that allowing plaintiff another opportunity to amend at this juncture would be futile. However, plaintiff is advised that his third amended complaint must be a complete document and stand by itself. Plaintiff should indicate whether a PCRA petition was filed pro se, or through counsel, and he must attach the letter from counsel referenced in the Second Amended Complaint. Plaintiff must also plead an actual injury and must indicate the outcome of any PCRA petition filed in the state court.

---

[5] While plaintiff references the letter from counsel as Attached as Exhibit A, there was no attachment to plaintiff's Second Amended Complaint (Doc. 29, par. 23).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BROWN,
    Plaintiff,

v.

KEVIN SMITH, et al.,
    Defendants.

CIVIL ACTION NO. 3:12-CV-446

(Judge Kosik)

## ORDER

AND NOW, THIS 28th DAY OF AUGUST, 2013, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Susan E. Schwab dated June 28, 2013 (Doc. 38) is adopted in part and declined in part;

(2) Plaintiff, Arthur Johnson, is **DISMISSED** from this action;

(3) The motion to dismiss for failure to exhaust administrative remedies (Doc. 30) is **DENIED**;

(4) The motion to dismiss the access-to-courts claim for failure to state a claim upon which relief can be granted is **DENIED**;

(5) Plaintiff is directed to file a Third Amended Complaint in accordance with the attached Memorandum within thirty (30) days from the date of this Order;

(6) Plaintiff is advised that failure to file a timely Third Amended Complaint will result in dismissal of this action; and

(7) The above-captioned action is remanded to the Magistrate Judge for further proceedings.

                                        Edwin M. Kosik
                                        United States District Judge