UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BROWN, | : | CIVIL NO: 3:12-CV-00446 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| KEVIN SMITH and | : | |
| OFFICER TREECE, | : | |
| | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

The plaintiff, Richard Brown, contends that the defendants violated his right of access to the courts by confiscating legal materials from his cell.  Even after being given prior opportunities to amend his complaint, Brown has failed to present well-pleaded facts that reasonably lead to an inference that he suffered an actual injury to his right of access to the courts.  Accordingly, we recommend that the defendants' motion to dismiss the third amended complaint be granted.

### II.  Background and Procedural History.

Brown, along with his cellmate—Arthur Johnson—began this action by filing a complaint, which they later amended, naming as defendants Kevin Smith and C.R. Treece, corrections officers at the State Correctional Institution at

Smithfield.  In their amended complaint, Brown and Johnson alleged that they are both serving life sentences and are both actively seeking relief from the courts regarding their sentences.  They alleged that, in September of 2011, the defendants conducted a random cell search, during which they confiscated Brown and Johnson's personal items and legal paperwork and they broke Brown's fan. According to Brown and Johnson, the defendants failed to properly fill out the documentation concerning the confiscation of their property and failed to hold their property until they were able to present proof of ownership.

Brown and Johnson claimed that their property was confiscated and destroyed without due process.  They also claimed that the confiscation of their legal materials hindered their efforts to fully present sound legal arguments to the courts.  Notably lacking from the amended complaint, however, were factual allegations regarding the litigation that the confiscation allegedly hindered or how the confiscation of the property hindered that litigation.  Further, with respect to their due process claim, Brown and Johnson acknowledged that there was a grievance procedure at the prison, that they filed grievances about their property, and that they completed the grievance process to the greatest extent possible. Having received this administrative due process, they nonetheless sought in this case declaratory relief as well as compensatory and punitive damages.

Magistrate Judge Carlson recommended that the defendants' motion to dismiss the amended complaint be granted. He also recommended that Brown and Johnson be granted leave to file a second amended complaint, however, to attempt to state access-to-court claims upon which relief can be granted. Judge Kosik adopted that report and recommendation.

Brown, but not Johnson, then filed a second amended complaint, which the defendants moved to dismiss. In the second amended complaint, Brown alleged that he "filed a grievance relating to this complaint and completed the process to the greatest extent possible." *Doc. 29* at ¶8. The defendants argued that Brown's allegation in this regard was equivocal and was a tacit admission that he did not exhaust administrative remedies. And so they asserted that the Court should dismiss the second amended complaint because Brown had failed to exhaust administrative remedies. The defendants also asserted that the second amended complaint failed to state an access-to-court claim because Brown failed to allege an actual injury in that he did not sufficiently allege that he lost a nonfrivolous legal claim because of the confiscation of his property.

We issued a Report and Recommendation recommending that the second amended complaint be dismissed with prejudice. We noted that exhaustion of administrative remedies is an affirmative defense, which the defendants must plead and prove. Because, construed in the light most favorable to Brown, Brown's

allegation regarding exhaustion should be viewed as an assertion that he has exhausted administrative remedies, and because the defendants did not meet their burden of establishing non-exhaustion, we concluded that dismissal of the second amended complaint was not warranted on failure-to-exhaust grounds.

Nevertheless, we recommended that the second amended complaint be dismissed because it did not set forth well-pleaded facts that meet the legal requisites for an access-to-court claim.  In that regard, we noted that Brown alleged that he is currently serving a life sentence and that he sought relief though the courts by filing a petition under Pennsylvania's Post Conviction Relief Act (PCRA) claiming ineffective assistance of counsel.  But, although Brown identified the type of claim he alleges was hindered, he did not describe the non-frivolous nature of his claim by asserting specific arguable issues that would have been established by the confiscated documents.  Furthermore, we concluded that Brown did not allege any specific facts describing an actual injury suffered as a result of the defendants' actions beyond the vague assertion that he was hindered in his ability to present a claim.  In fact, we concluded, the second amended complaint lacked any information regarding the final result of the PCRA proceedings.  For these reasons, we recommended that Brown's access-to-court claim be dismissed for failure to state a claim upon which relief can be granted.

Because Brown had previously been afforded the opportunity to correct the deficiencies in his pleading, we thought that further leave to amend would be futile and would result in undue delay.  Thus, we recommended that the second amended complaint be dismissed without further leave to amend.

Judge Kosik adopted the Report and Recommendation in part and declined to adopt it in part.  He dismissed Arthur Johnson from the case, and he denied the defendants' motion to dismiss for failure to exhaust administrative remedies.  He also denied the defendants' motion to dismiss the access-to-court claim for failure to state a claim upon which relief can be granted, but he nevertheless directed Brown to file a third amended complaint and he advised Brown that failure to do so would result in dismissal of the case.  Judge Kosik reasoned as follows:

> As the Magistrate Judge references, where a prisoner asserts that a defendant's actions have inhibited his opportunity to present a past legal claim, the prisoner must show that he suffered an actual injury, i.e., that he lost a chance to pursue a nonfrivolous or arguable underlying claim.  Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) citing Christopher v. Harbury, 536 U.S. 403 (2002).  However, case law has held that the confiscation or destruction of a prisoner's legal papers may violate a prisoner's right of access to the courts.  Heller v. Keenhold, 2006 WL 759647 (M.D.Pa. March 24, 2006) *3, and cases cited therein.  In Zilich v. Lucht, 981 F.2d 694 (3d Cir. 1992), one of plaintiff's claims was that the retention of his materials and documents by prison officials interfered with his right to present a defense in a pending criminal matter.  In Zilich, the Court of Appeals noted that the plaintiff alleged that he had been deprived of evidence that might have been used by his counsel in presenting a defense and that his counsel might not have had access to this information.  The Court of Appeals

5

reversed the granting of the motion to dismiss and allowed the action to proceed, noting that plaintiff still had before him the formidable task of avoiding summary judgment by producing evidence in support of his claim.

   In the second amended complaint, plaintiff alleges that transcripts of his trial and important affidavits were confiscated; that these items were pertinent to the filing of a PCRA petition; that he received a letter from his counsel asking for issues and other things to help with his PCRA Memorandum of Law, but he was unable to assist counsel because his pertinent legal documents were confiscated. [5]

> [5] While plaintiff references the letter from counsel as Attached as Exhibit A, there was no attachment to plaintiff's Second Amended Complaint (Doc. 29, par. 23).

   We agree with the Magistrate Judge's findings as to the exhaustion of administrative remedies; however, we will decline to adopt the recommendation as to the failure to state a claim for violation of plaintiff's right of access to the courts. While Plaintiff's second amended complaint may be insufficient to state a claim as pled, we believe that plaintiff should be afforded another opportunity to amend his complaint. As we indicated earlier, confiscation of a prisoner's legal papers may result in a violation of a prisoner's right of access to the courts.  Plaintiff's references to his inability to file a PCRA petition, as well as his reference to his inability to assist counsel in preparing the PCRA petition, because of the confiscation of his documents, may state a denial of access to court claim. Because plaintiff is acting pro se, we must liberally construe his complaint.  We do not believe that allowing plaintiff another opportunity to amend at this juncture would be futile. However, plaintiff is advised that his third amended complaint must be a complete document and stand by itself.  Plaintiff should indicate whether a PCRA petition was filed pro se, or through counsel, and he must attach the letter from counsel referenced in the Second Amended Complaint.  Plaintiff must also plead an actual injury and must indicate the outcome of any PCRA petition filed in state court.

*Doc. 42* at 4-5.

Following Judge Kosik's order, Brown filed a third amended complaint. The third amended complaint repeats all the allegations in the second amended complaint. As such, Brown again alleges that there was a grievance procedure and that he filed a grievance and completed the process "to the greatest extent possible." *Doc. 43* at ¶8.

As he did in the second amended complaint, in the third amended complaint Brown alleges that, on September 6, 2011, the defendants searched his cell and confiscated many items. Brown alleges that prior to the search, his legal papers were neatly organized because he was preparing to file a PCRA petition claiming that his trial attorney was ineffective.[1] The defendants allegedly read Brown's

---

[1] The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The docket and documents in Brown's criminal case— *Commonwealth v. Brown,* CP-51-CR-0808071-2004 (Phila. Cnty.)—are public records of which we can take judicial notice. *See Wilson v. McVey,* 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)(stating that court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"). The docket sheet from Brown's criminal case is on the website of the Unified Judicial System of Pennsylvania: http://ujsportal.pacourts.us (last visited June 2, 2014). According to the docket from Brown's criminal case, he filed a PCRA petition in March of 2010, which he amended about a month later. In February of 2011, the court appointed counsel to represent Brown and directed counsel to

7

legal papers and letters, and they refused to stop even though Brown told them that although they were permitted to search for contraband, they were not allowed to read his papers.  Brown, who is serving a life sentence based on convictions for murder, robbery, kidnapping, and carrying a firearm without a license, alleges that the defendants confiscated numerous documents, which were clearly marked as legal papers, which were not contraband, and which presented no security problem.

According to Brown, the defendants confiscated transcripts from his criminal trial as well as important affidavits.  Among the documents that the defendants allegedly confiscated were affidavits prepared by Brown and others memorializing what had occurred on the first day of his criminal trial.  Brown alleges that these affidavits were important because the testimony from the first day of his trial was, for some unexplained reason, not transcribed.  These affidavits, Brown alleges, supported his claim that he was denied his right to counsel of his choice.  The confiscated documents also included the transcripts of the other days of Brown's criminal trial.  In addition, the confiscated documents

---

inform the court whether he would be filing an amended petition.  In June of 2012, different counsel entered an appearance on behalf of Brown.  Although the docket is not clear in this regard, it appears that Brown was proceeding *pro se* during part of the time before his second counsel entered an appearance.

included affidavits from a key defense witness, who Brown's defense lawyer never interviewed, and Brown alleges that these affidavits were necessary in the PCRA proceeding to show that the witness had evidence material to Brown's claim that his counsel was ineffective.

Brown characterizes the importance of the documents that were confiscated to his PCRA petition in various ways, including as "very important," as "crucial," and as "essential." *Doc. 43* at ¶¶ 15 & 25. According to Brown, the confiscation hindered his ability to prepare his PCRA petition properly since he was filing *pro se*. Although Brown refers to proceeding *pro se*, he also alleges that, because of the defendants' confiscation of his legal documents, he was unable to assist his counsel in filing a memorandum of law in support of his PCRA petition even though his counsel had asked for such assistance. Brown alleges that his PCRA petition was lacking proper argument because of the confiscation of his legal documents.

The third amended complaint also contains additional allegations that were not in the second amended complaint. Further, Brown attached to the third amended complaint four letters, which he asserts show that he needed the confiscated documents to advance a colorable PCRA claim.

The first exhibit is a letter, dated January 28, 2011, from Mark S. Greenberg, Esquire, who was Brown's PCRA counsel at the time, to Gary S. Server, Esquire.

Greenberg states that he is investigating Brown's PCRA case, that Server had represented a codefendant in the underlying criminal case, and that Brown stated that Server may have notes of testimony from June 27, 2005.  Greenberg continues that the court reporter told him that no notes from June 27, 2005 were transcribed, but Greenberg nevertheless asks Server to check if he has any notes from that date.

The second letter, dated July 12, 2011, is from Greenberg to the chief of the PCRA unit of the Philadelphia district attorney's office asking for notes of testimony from June 27, 2005.

The third letter, dated July 20, 2011, is from Greenberg to Brown advising Brown of his unsuccessful search for the notes of testimony from June 27, 2005, and advising that he will continue to search for the notes.  Greenberg also asks Brown to send him any affidavits he has from people who recall what was said on June 27, 2005.

The fourth and final letter, dated June 20, 2013, is addressed to Brown from Teri Himebaugh, Esquire, who was representing Brown at that time in connection with the PCRA proceedings.  Himebaugh states that she is enclosing direct and cross exam questions for an upcoming hearing.  She also states:

> You indicate that you have affidavits from Tamie Precia and Edith Bond as to your alibi and that you would provide them if I asked.  I also still have not gotten the affidavits that you said you had or would provide from Sharee Johnson and Jawayne Brown.  If I have to have my PI go out and get them I will need good addresses and phone numbers for each . . . .

> We may or may not need the affidavits and/or these witnesses at the hearing.  Are they still local to Philadelphia?  If so, I would like them to attend [the] hearing just in case I need them on rebuttal.  It all depends on what Tinari testifies to.  Obviously, my argument is going to be that his lack of preparation/investigation was the ineffectiveness and not that he knew about these witnesses and decided not to call them.  The Commonwealth is going to try to make this a missing witness claim rather than a lack of investigation.

*Doc. 43* at 11-12.  Brown alleges that the affidavits referred to by Himebaugh from Tamie Precia and Sharee Johnson were among the items confiscated by the defendants.

In this third amended complaint, Brown clarifies that he filed his PCRA petition *pro se* with an attached memorandum of law on the issues that he thought were claims for a new trial.  He alleges that the court then appointed counsel to represent him, and, according to Brown, he later retained private counsel to litigate the PCRA petition.[2]

Brown does not allege the final outcome of the PCRA proceedings.[3]  But, somewhat cryptically, he alleges that his claim about the transcripts was denied by

_____

[2] According to the docket in Brown's criminal case, that counsel later withdrew and, in September of 2013, a third attorney entered an appearance on behalf of Brown.

[3] According to the docket in Brown's criminal case, the PCRA proceedings are still ongoing and an evidentiary hearing is scheduled for June 20, 2014.  We note that, according to the docket, in January of 2014, however, the judge in the PCRA case issued a "Dismissal Notice Under Rule 907."  The docket indicates that Brown's counsel filed a response to the dismissal notice and a "Consolidated Petition to

the trial court.  According to Brown, due to the passage of five or six years since

his trial, he could not reconstruct what happened.  According to Brown, the PCRA

court denied his argument because the notes of June 27, 2005 were not transcribed

and he had no evidence to support his claim.  Brown also alleges that the affidavits

of the witnesses that his trial counsel did not interview were necessary to his

PCRA proceedings "to show that they has [sic] written testimony material to his

claim of an alibi and what happened on the first day of trial." *Doc. 43* at ¶40.

According to Brown, the PCRA court could not begin to analyze his claim of

ineffective assistance of counsel without an "affirmative showing of missing

evidence or testimony." *Id.* at ¶42.  Brown further alleges that he is unable to

contact his witness[4] to obtain another affidavit.

The defendants filed a motion to dismiss the third amended complaint, and

that motion is ripe for decision.  For the reasons discussed below, we recommend

that the motion to dismiss be granted.

---

Reopen Record to Amend Petition for Post-Conviction Relief and Amended
Petition for Post-Conviction Relief."
[4] It is not clear to which witness Brown is referring.

## III. Discussion.

### A.  Motion to Dismiss and Pleading Standards.

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230. "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the

elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify

> allegations that, 'because they are no more than conclusions,
> are not entitled to the assumption of truth.'  Finally, 'where
> there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556

U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.

Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,

Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must

contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint

must recite factual allegations that are sufficient to raise the plaintiff's claimed

right to relief beyond the level of mere speculation, set forth in a "short and plain"

statement of a cause of action.


**B.  The Third Amended Complaint Should Not Be Dismissed on
Exhaustion Grounds.**

In the third amended complaint, Brown makes the same allegation regarding

exhaustion that he made in the second amended complaint.  He alleges that there

was a grievance procedure and that he filed a grievance and completed the process

"to the greatest extent possible." *Doc. 43* at ¶8.  The defendants, in turn, make the same argument regarding exhaustion as they previously made, *i.e.*, that Brown's allegation is equivocal and a tacit admission that he did not exhaust administrative remedies.  The Court has already considered and rejected the defendants' argument in this regard, and the Court's decision is law of the case.

"[L]aw of the case is an amorphous concept." *Arizona v. California,* 460 U.S. 605, 618 (1983).  "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.*  The law-of-the-case doctrine expresses the practice of courts generally to refuse to reopen what has been decided. *Messenger v. Anderson*, 225 U.S. 436, 444 (1912).  "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Philadelphia Litig.,* 158 F.3d 711, 717-18 (3d Cir. 1998).  Although generally reluctant to do so, courts in their discretion retain the power to reconsider questions of law that have already been decided in the same proceeding. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817 (1988)("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."); *see also*

16

Fed.R.Civ.P. 54(b)(providing that until the court expressly directs entry of a final judgment an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.).  "Law of the case directs a court's discretion, it does not limit the tribunal's power."  *Arizona,* 460 U.S. at 618.  Under the doctrine, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice."  *Id.* at 619. n.8.  Although the court may reconsider its prior rulings, when doing so it must explain on the record the reasoning behind its decision to reconsider the prior ruling and it must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling. *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997).

The Court has already rejected the defendants' argument that the exact allegation made by Brown again in his third amended complaint shows that Brown did not exhaust administrative remedies.  There is no reason to reconsider that decision.  Thus, the defendants' motion to dismiss should be denied to the extent it seeks dismissal based on exhaustion grounds.

### C.  The Third Amended Complaint Fails to State an Access-to-Court Claim Upon Which Relief Can Be Granted.

The defendants contend that Brown fails to state an access-to-court claim upon which relief can be granted because he has not sufficiently alleged actual injury to this right of access to the courts.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008). "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414-415 (2002). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must allege an actual injury by identifying a nonfrivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.*  The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.*  Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.  In the prison setting, actual injury is the loss of a nonfrivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Lewis v.*

18

*Casey*, 518 U.S. 343, 351-54 (1996).  "Examples of actual injury include 'missing filing deadlines or being prevented from presenting claims.'" *Denney v. Nelson*, 304 Fed. App'x. 860, 863 (11th Cir. 2009) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 n.10 (11th Cir. 1998)).  "[C]ourts in this circuit and others have recognized that confiscation or destruction of a prisoner's legal papers may violate a prisoner's right of access to the courts." *Heller v. Keenhold*, CIV.A.1:04-CV-1893, 2006 WL 759647, at *4 (M.D. Pa. Mar. 24, 2006)(citing cases).

Although we acknowledge that Brown repeatedly alleges that he was injured by the confiscation of his property that was necessary to prove his PCRA claims, he has, nevertheless, failed to flesh out his injury with well-pleaded factual allegations.  For example, he suggests that he could not prove his claim that he was denied his right to counsel of his choice because of the confiscation.  But he has not even alleged how he was denied his right to counsel of his choice.  And while he alleges that affidavits memorializing what happened on the first day of trial, which the defendants confiscated, would have supported his claim that he was denied his right to counsel of his choice, he has not alleged how or why those affidavits would have supported his claim.

Brown also alleges that he claimed in his PCRA petition that his counsel was ineffective, but again he fails to flesh out how his counsel was ineffective, although from one of the exhibits attached to the third amended complaint we can surmise

that the claim was that counsel was ineffective for failing to investigate.  While

Brown suggests that some of the documents seized by the defendants would have

assisted him in proving his ineffective-assistance-of-counsel claim, he does not

clearly allege how the absence of those documents caused him to lose, if in fact he

lost, such a claim.  Moreover, although Judge Kosik directed Brown to indicate the

outcome of his PCRA petition, Brown did not do so.  And from the docket sheet of

Brown's criminal case, we know that proceedings are still ongoing in connection

with the PRCA petition although the precise nature of those proceedings are

unclear.

Although mindful that *pro se* pleadings must be liberally construed and that,

in connection with a motion to dismiss, we must accept as true all well-pleaded

factual allegations in the complaint and draw all reasonable inferences in the light

most favorable to the plaintiff, Brown has failed to meet his burden of pleading

sufficient facts to survive a motion to dismiss on an access-to-court claim.

## D.  Leave to Amend.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must

permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  In this

case, Brown has previously been given leave to amend, but he still has failed to

state a claim upon which relief can be granted.  Under these circumstances, further leave to amend would be futile.

## IV.  Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the motion (doc. 44) to dismiss the third amended complaint be granted.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of June, 2014.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge