# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:12-CV-00446 |
| v. | : | |
| | : | (Judge Kosik) |
| KEVIN SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

FILED
SCRANTON

AUG − 7 2014

PER_____
DEPUTY CLERK

## MEMORANDUM

Before the Court are Plaintiff's Objections (Doc. 49) to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Susan E. Schwab. For the reasons which follow, we will adopt in part, and decline to adopt in part, the R&R of the Magistrate Judge.

## I. BACKGROUND

Plaintiff, an inmate at the State Correctional Institution Smithfield ("SCI-Smithfield"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on March 12, 2012.[1] Plaintiff's remaining claim is for a violation of his right of access to the courts.

Plaintiff has been given two opportunities to amend his complaint as to his access-to-courts claim. (Docs. 28, 42.) Most recently, on August 28, 2012, the Court issued a Memorandum and Order (Doc. 42), denying Defendants' motion to dismiss (Doc. 30) and giving Plaintiff the opportunity to file a Third Amended Complaint.

On October 1, 2013, Plaintiff filed a Third Amended Complaint (Doc. 43). On October

---

[1] Arthur Johnson was also a plaintiff in this action, but was dismissed by Order dated August 28, 2013. (Doc. 42.)

4, 2013, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 44),
and the parties filed supporting briefs.

On June 5, 2014, the Magistrate Judge filed an R&R, recommending that Plaintiff's Third
Amended Complaint be dismissed (Doc. 48).  Plaintiff filed Objections to the R&R (Doc. 49), on
June 20, 2014.

## II. DISCUSSION

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo*
determination of those portions of the report to which objections are made.  28 U.S.C. §
636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we
may accept, reject, or modify, in whole or in part, the findings or recommendations made by the
Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we
are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in
the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676
(1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In the R&R, the Magistrate Judge addressed both arguments raised by Defendants in their
motion to dismiss: (1) failure to exhaust; and (2) failure to state a claim.  As to exhaustion, the
Magistrate Judge found that Defendants' motion to dismiss Plaintiff's access-to-courts claim for
failure to exhaust should be denied, since the Court already considered and rejected Defendants'
arguments as to exhaustion, in its Memorandum and Order dated August 28, 2013 (Doc. 42).[2]
As to Defendants' second contention that Plaintiff's Third Amended Complaint fails to state an
access-to-courts claim, the Magistrate Judge recommended that Defendants' motion to dismiss

---

[2] Defendants did not file an objection to this finding by the Magistrate Judge.

should be granted.  Specifically, the Magistrate Judge found that Plaintiff failed to sufficiently

flesh out an "actual injury" with well-pleaded factual allegations.

In his objections, Plaintiff argues that he did plead an "actual injury."  Plaintiff argues

that his right to access the courts was violated when Defendants confiscated and destroyed

certain legal documents and affidavits during a search of his prison cell.  Plaintiff states that

transcripts of his trial were confiscated, along with important affidavits, which outlined what

transpired on the opening day of trial, since that day was not transcribed.  Plaintiff also states that

the affidavits were of witnesses that his defense counsel at trial never interviewed, and who had

material evidence supporting his alibi defense.  Plaintiff asserts that the taking of his legal papers

infringed his right of access to the courts and constituted an "actual injury."  Plaintiff asserts that

at the time his papers were confiscated, he was preparing a challenge to his conviction by a Post

Conviction Relief Act ("PCRA") petition, on the grounds of ineffective assistance of counsel.

Plaintiff asserts that he suffered an "actual injury" for several reasons: (1) he was unable to

present effective arguments in his *pro se* Memorandum of Law filed with his PCRA petition,

since he could not cite to the transcript; (2) he was unable to fully assist his counsel by providing

the affidavits in question, for his claims of ineffective assistance of counsel and the denial of his

right to counsel of his choice; and (3) as a result, his PCRA claim, pertaining to the first day of

his trial not being transcribed, was denied.[3]  Further, Plaintiff argues that prison officials have not

offered evidence of any legitimate reason to have searched his legal papers.

A prisoner has a right of access to the courts under the First and Fourteenth Amendments.

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  A prisoner asserting an access-to-courts

---

[3] Plaintiff's PCRA petition is still pending on all other claims.

claim, must satisfy the constitutional standing requirement by alleging an actual injury. Lewis v.

Casey, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the

actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim. See

Monroe, 536 F.3d at 205; Christopher v. Harbury, 536 U.S. 403, 415 (2002). Further, "the injury

requirement is not satisfied by just any type of frustrated legal claim," see Lewis, 518 U.S. at

354, but rather is limited to an inmate's attack on his or her sentence, either directly or

collaterally, and the conditions of confinement. Id. at 355. "The underlying cause of action,

whether anticipated or lost, is an element that must be described in the complaint, just as much as

allegations must describe the official acts frustrating the litigation." Christopher, 536 U.S. at

415. The confiscation or destruction of a prisoner's legal papers has been found to violate a

prisoner's right of access to the courts. Heller v. Keenhold, No. Civ.A. 1:04-CV-1893, 2006 WL

759647, at *3 (M.D. Pa. Mar. 24, 2006) (citing cases).

   In the Third Amended Complaint, Plaintiff alleges that transcripts of his trial and

important affidavits were confiscated; that these items were pertinent to the filing of a PCRA

petition; that the confiscation of the affidavits and transcripts hindered his ability to present

sufficient arguments to support his PCRA petition; and that the confiscation prevented him from

assisting his counsel, when he received a letter from his attorney dated July 20, 2011, asking for

affidavits from people who recall what was said on June 27, 2005,[4] and another letter dated June

20, 2013, from a different attorney, also asking for the affidavits.

   We agree with the Magistrate Judge's findings as to the exhaustion of administrative

---

[4] Plaintiff asserts, and the record supports, that no notes were transcribed on June 27, 2005, the
first day of Plaintiff's trial.

remedies; however, we will decline to adopt the recommendation as to the failure to state a claim

for violation of Plaintiff's right of access to the courts.  In our August 28, 2013 Order, we

directed Plaintiff to indicate whether a PCRA petition was filed *pro se*, or through counsel; attach

the letter from counsel referenced in the Second Amended Complaint; plead an actual injury; and

indicate the outcome of any PCRA petition filed in the state court.  Plaintiff complied with these

instructions, and we find that the factual allegations in Plaintiff's Third Amended Complaint, if

true, may state an access-to-courts claim.

Treating the factual allegations as true, we disagree with the Magistrate Judge and find

that Plaintiff sufficiently pled an actual injury in his Third Amended Complaint.  Plaintiff alleges

that his PCRA claim, as to the first day of trial not being transcribed, was denied because he was

not able to present cognizable arguments in his *pro se* Memorandum of Law filed with his PCRA

petition.  Additionally, after he was appointed counsel for representation of his PCRA petition,

he was unable to assist counsel as evidenced by the letter from Attorney Mark Greenberg, who

requested that Plaintiff send affidavits stating what happened the first day of trial for his review.

(Doc. 43, Third Amend. Compl., Ex. A, July 20, 2011 Letter.)  Plaintiff further alleges that the

confiscated material includes affidavits from key witnesses who were never interviewed by

Plaintiff's defense counsel at the time of trial, and who support Plaintiff's alibi defense.  Plaintiff

alleges that he needed those affidavits to show that he had material evidence to support his claim

for ineffective assistance of counsel

We brought the parties' attention to Zilich v.Lucht, in our Order dated August 28, 2013.

In Zilich, the Court of Appeals for the Third Circuit noted that the plaintiff alleged that he had

been deprived of evidence that might have been used by his counsel in presenting a defense, and

5

that his counsel might not have had access to this information.  Compare <u>Zilich v. Lucht</u>, 981 F.2d 694, 696 n. 4 (3d Cir. 1992), <u>with</u> <u>Heller</u>, 2006 WL 759647 at *5 (finding <u>Zilich</u> distinguishable because the documents withheld in <u>Heller</u> were of public record and had already been turned over to the plaintiff's public defender).  The Court of Appeals reversed the granting of the motion to dismiss and allowed the action to proceed, noting that plaintiff still had before him the formidable task of avoiding summary judgment by producing evidence in support of his claim.  We find <u>Zilich</u> instructive, and find that Plaintiff has met the pleading standard to avoid a motion to dismiss, but must still present evidence at the summary judgment stage, "such that a reasonable jury could return a verdict for [him]" <u>Zilich</u>, 981 F.2d at 698 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)), or prevail at trial.

## III. CONCLUSION

Based on the above reasoning, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge.  We will deny Defendants' Motion to Dismiss, and we will remand the action to the Magistrate Judge for further proceedings.  An appropriate order is attached.