UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BROWN,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                :  CIVIL NO. 3:CV-12-0446
                                        :
KEVIN SMITH, *et al.*,                  :  (Judge Kosik)
                                        :
            Defendants                  :

## **MEMORANDUM**

Plaintiff, Richard Brown, an inmate confined at the State Correctional

Institution at Smithfield, Pennsylvania, filed the instant civil rights action pursuant to

42 U.S.C. § 1983.  The matter proceeds on a third amended complaint.  (Doc. 43.)

The only remaining claim is for a violation of Plaintiff's right of access to the courts.

Presently pending on the docket are Plaintiff's motion to compel discovery (Doc. 54)

and Defendants' motion for summary judgment (Doc. 60).  For the reasons that

follow, the motion to compel discovery will be held in abeyance, and Plaintiff

provided twenty-one (21) days within which to file a supplemental response to the

summary judgment motion.

## I.      **Background**

The court assumes familiarity with the procedural history of this case by the

parties, and therefore will not repeat the entire history herein.  It is sufficient for purposes of the instant Memorandum to state that Plaintiff proceeds on a third amended complaint filed on October 1, 2013.  As in his second amended complaint, he alleges that Defendants Kevin Smith and C.R. Treece, two correctional officers at SCI-Smithfield, conducted a random cell search in September of 2011.  The sole remaining claim is that Defendants confiscated and destroyed legal paperwork belonging to Plaintiff, specifically affidavits and transcripts, which were pertinent to and hindered his ability to present sufficient arguments in support of his PCRA petition.[1]  In the third amended complaint, Plaintiff again alleges that there was a grievance procedure and that he filed a grievance and completed the process "to the greatest extent possible."  (Doc. 43 at ¶ 8.)

On October 4, 2013, Defendants filed a motion to dismiss the third amended complaint.  (Doc. 44.)  In a Report and Recommendation dated June 5, 2014, the Magistrate Judge addressed both arguments raised by Defendants in their motion: (1) failure to exhaust and (2) failure to state a claim.  As to exhaustion, the Magistrate Judge found that Defendants' motion to dismiss Plaintiff's access-to-courts claim for failure to exhaust should be denied, since the court already considered and rejected Defendants' arguments as to exhaustion in its Memorandum and Order dated August

---

[1]  The third amended complaint contains additional allegations not in the second amended complaint with respect to the destroyed confiscated documents and their need to advance a colorable PCRA claim.

28, 2013 (Doc. 42).  The Magistrate Judge further noted that Defendants did not file

an objection to the earlier ruling on exhaustion.  With respect to Defendants' second

argument, the Magistrate Judge recommended that Defendants' motion to dismiss for

failure to state an access-to-courts claim be granted, specifically finding that Plaintiff

had failed to sufficiently flesh out an "actual injury" with well-pleaded factual

allegations.  (Doc. 48.)

Following the filing of objections by Plaintiff, on August 7, 2014, the court

adopted in part and rejected in part the recommendation of the Magistrate Judge.

(Doc. 50.)  The court agreed with the Magistrate Judge's findings as to the exhaustion

of administrative remedies.  However, it declined to adopt the recommendation as to

the failure to state a claim for violation of Plaintiff's right of access-to-courts finding

that actual injury had sufficiently been pled.  As such, Defendants' motion to dismiss

was denied, and the matter was remanded back to the Magistrate Judge for further

proceedings.  (Doc. 51.)

On August 12, 2014, an amended case management order was issued

establishing case management deadlines.  (Doc. 52.)  With respect to discovery, a

date of January 12, 2015 was imposed for the close of discovery, and any discovery-

related motions were due to be filed by January 26, 2015.  (*Id*. at 2.)

On February 2, 2015, Plaintiff filed the pending motion to compel discovery.

(Doc. 54.)  He requests that Defendants be ordered to respond to his Request for

Production of Documents, Request for Admissions and Interrogatories sent on December 10, 2014.  In support of his motion, he files a brief with the attached discovery requests and his declaration.  (Docs. 55, 56.)  Defendants have filed a brief in opposition to the motion.  (Doc.  57.)

On March 12, 2015, Defendants filed a motion for summary judgment, along with their supporting brief, statement of facts and evidentiary materials.  (Docs. 60-63.)  The sole ground raised in the motion is Plaintiff's failure to exhaust administrative remedies.  On March 25, 2015, Plaintiff filed a brief in opposition to the motion.  (Doc. 64.)  He does not submit an opposing statement of material facts or evidentiary materials.  In opposing Defendants' motion, Plaintiff does not address the failure to exhaust argument.  Rather, he claims that Defendants are barred from raising the exhaustion argument because they waived such argument when they failed to object to the Magistrate Judge's findings on exhaustion as set forth in the June 5, 2014 Report and Recommendation.   (Doc. 64, Pl.'s Opp'n Br.)   He appears to believe that because Defendants were unsuccessful in their attempt to dismiss his claim on the basis of failure to exhaust in the procedural context of a motion to dismiss, that they are barred from raising exhaustion as a ground in their motion for summary judgment.

The court will now address the pending motions in light of the current procedural posture of this case.

4

## II.    Discussion

### A.    Motion to Compel Discovery

It is well-settled that Federal Rule of Civil Procedure 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). All relevant material is discoverable unless an applicable evidentiary privilege is asserted. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Option One Mortgage Corp. v. Fitzgerald*, No. 3:07-CV-1877, 2009 WL 648986 at *2 (M.D. Pa. Mar. 11, 2009).

In the instant case, Plaintiff seeks to compel responses to discovery requests that he states were served on counsel for Defendants on December 10, 2014. The

requests consist of a two (2) page Request for Admissions containing eight

statements, and a three (3) page document entitled "Request for Interrogatories and

Production of Documents."[2]  (Doc. 55 at 5-9.)

In response to Plaintiff's discovery requests, counsel for Defendants advised

Plaintiff by letter dated January 12, 2015 that his requests were being returned

unanswered in that they "do not substantially comply with the Federal Rules and are

therefore unanswerable.  Additionally, the discovery period in this case ends today."

(*Id*. at 4, 1/12/15 Letter.)   No further explanation was provided.

In opposing the pending motion, Defendants argue that Plaintiff's motion

should be denied due to his failure to follow the Case Management Order which

established all relevant discovery deadlines.  (Doc. 57.)  They cite to the Amended

Case Management Order issued in this case on August 12, 2014, which included

discovery-related deadlines of January 12, 2015 for the close of discovery and

January 26, 2015 for the filing of discovery-related motions.  (Doc. 52.)

Defendants do not appear to dispute that Plaintiff mailed his discovery requests

on December 10, 2014.  Rather, they claim that to the best of defense counsel's

recollection, the requests were not received any earlier than December 15, 2014.

Counsel states he returned the requests to Plaintiff unanswered for two reasons.  The

---

[2] In this second request, Plaintiff appears to combine interrogatory questions
with a request for documents related to each specific interrogatory question.

first was because he was not provided with a full 30 days to respond in light of the close of discovery on January 12, 2015.  He next argues that the requests were deficient in that (1) they were not directed to a specific Defendant and (2) the interrogatory and request for production of document requests were combined.  (Doc. 57 at 4, Defs.' Opp'n Br.)  Defendants also argue that Plaintiff had several months from the date the Amended Case Management Order was issued to complete discovery, rather than waiting until a few weeks prior to the close of discovery to send his requests.

Keeping in mind the latitude afforded by the courts in discovery and the fact that Plaintiff proceeds *pro se* in this matter, an outright denial of Plaintiff's motion to compel discovery on the grounds proposed by Defendants would appear harsh.  While there is no doubt that the amended case management order provided that discovery was to close on January 12, 2015, Defendants do not appear to contest that the requests were sent on December 10, 2014, more than thirty (30) days prior to the close of discovery.  Rather, they argue that the requests were not received by them until on or about December 15, 2014, and were thus not received in time to afford them thirty (30) days within which to respond thereto.  They also claim that thirty (30) days from their receipt of the requests would be outside the date imposed by the court for the close of discovery.

While Defendants arguments are well-taken, the court is also cognizant of

Plaintiff's *pro se* status, the appearance that the requests were, in fact, mailed on

December 10, 2014, and that the requests are relatively short and simple.  While

Defendants certainly have the right to ample time in which to respond to the requests,

they clearly could have requested an extension of time to respond, if necessary.

Further, while Defendants also object to the requests on the basis that they are

not directed to a specific Defendant, there are only two Defendants in this action and

Plaintiff clearly states that each request is directed to "Defendants."  As such, it can

be construed that he intended both Defendants to answer each discovery request.

Moreover, while not in strict accordance with the rules regarding preparation of

discovery requests as set forth in the Federal Rules of Civil Procedure, Plaintiff's

combined interrogatory and request for production of documents request is clearly

written and easily understandable.

For the above reasons, the court would be inclined to grant Plaintiff's motion to

compel.  However, for the reasons that follow, any such decision as to the need for

Defendants to respond to the outstanding discovery requests will be held in abeyance

at this time.

### B.    Motion for Summary Judgment

While Plaintiff's motion to compel was pending, Defendants filed a motion for

summary judgment in this matter.  The sole ground raised in the motion is Plaintiff's

failure to exhaust administrative remedies.  Although his motion to compel was

outstanding, Plaintiff submitted a brief in opposition to the summary judgment motion. Instead of addressing Defendants' failure to exhaust argument, Plaintiff argues that Defendants cannot raise an exhaustion argument in that the exhaustion issue was previously decided against them by the Magistrate Judge in the Report and Recommendation of June 5, 2014. He maintains that because Defendants failed to file objections to the Report and Recommendation, they have waived the ability to raise any exhaustion argument in this action. He contends that on summary judgment, Defendants are limited to challenging his access-to-courts claim on the merits. This is the only argument set forth by Plaintiff in response to Defendants' summary judgment motion. He does not address the merits of Defendants' failure to exhaust argument.

Without unnecessary elaboration, Plaintiff's belief that Defendants cannot pursue the issue of failure to exhaust administrative remedies in the context of their summary judgment motion is incorrect. While the court may have found that Defendants' motion to dismiss the access-to-courts claim for failure to exhaust should be denied, this decision was based on the fact that Plaintiff's failure to plead exhaustion of administrative remedies does not warrant dismissal in that failure to exhaust is an affirmative defense for the Defendants to plead. While Defendants attempted to point to Plaintiff's assertion in his complaint that he exhausted the grievance process to the "greatest extent possible" as a tacit admission of non-

exhaustion, the court rejected any such argument.   Rather, the court found that it is Defendants' burden to "plead and prove" Plaintiff's failure to exhaust administrative remedies by (1) establishing that the DOC provided Plaintiff with a grievance procedure and (2) proving that Plaintiff failed to complete this procedure before filing suit in federal court. *See Ortiz v. Prison Board Members*, No. 3:08-CV-2126, 2010 WL 5355479 *3 (M.D. Pa. Dec. 21, 2010)(Rambo, J.).

Merely because Defendants were unsuccessful in attempting to have Plaintiff's access-to-courts claim dismissed for failure to exhaust, this does not bar Defendants from coming forward on a motion for summary judgment with evidentiary materials attempting to demonstrate that a grievance procedure was available to Plaintiff and that he failed to complete this procedure prior to filing the instant lawsuit.

Because Plaintiff has misunderstood the permissible scope of Defendants' summary judgment motion, he will be afforded an opportunity to address the merits of the failure to exhaust argument raised by Defendants' in their motion.  While the court is fully aware of the outstanding motion to compel pending on the docket, the discovery sought by Plaintiff in the disputed discovery requests goes to the merits of the access-to-courts claim.  Should Defendants be successful on the exhaustion argument, the need to compel Defendants to respond to the discovery requests would be moot.  As such, the court will hold in abeyance any decision with respect to the motion to compel.  If Plaintiff is successful in overcoming Defendants' motion for

summary judgment on the exhaustion issue, an order will then be issued directing

Defendants to respond to the discovery requests previously served upon them.[3]  An

appropriate order follows.

---

[3]  The discovery period would be enlarged for a period of thirty (30) days exclusively for this purpose.